UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11421 JLT

| | |
|---|---|
| JOEY JOSEPH,<br>Plaintiff<br><br>v.<br><br>Officer P. IAPICCA, Officer LENTINI,<br>Officer RUSSELL, Officer VOEGELIN, and<br>the TOWN OF READING, MAGISTRATE JUDGE _____<br>Defendants | C.A. No._____<br><br>**COMPLAINT**<br><br>RECEIPT # 56819<br>AMOUNT $150<br>SUMMONS ISSUED YES<br>LOCAL RULE 4.1____<br>WAIVER FORM____<br>MCF ISSUED____<br>BY DPTY. CLK.____<br>DATE 6/22/04 |

## INTRODUCTION

1. This is an action for money damages for the violation of the plaintiff's constitutional rights brought pursuant to 42 U.S.C. §1983 and M.G.L. c. 12, §11I. The plaintiff, the Black engineer of a Massachusetts Bay Transit Authority (MBTA) train, alleges that the defendant White police officers illegally arrested him and used excessive force on him in placing handcuffs on him that were too tight in violation of his Fourth and Fourteenth Amendment rights. The defendant police officers furthermore attempted to humiliate him in front of the passengers who ride the train every day by dragging him in handcuffs and under arrest through the train. The plaintiff also alleges that the Town of Reading is liable for failing to train, supervise, discipline, and/or remove its police officers prone to making illegal arrests and using excessive force on citizens.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain a claim arising under state law.

1

## PARTIES

3. Plaintiff Joey Joseph is a resident of Lynn, Essex County, Massachusetts.

4. Defendants Officer Voegelin, Officer P. Iapicca, Officer Lentini, and Officer Russell are duly appointed police officers employed by the Town of Reading and are sued in their individual capacities.

5. Defendant the Town of Reading is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## FACTS

6. The Plaintiff, Joey Joseph, was the engineer of a commuter rail train coming from Haverhill and traveling to Boston on February 10, 2004, at about 8:00 a.m.

7. As the Plaintiff entered the Reading station, a woman attempted to cross in front of the moving train and was hit.

8. The Plaintiff put the train on emergency and tried to stop but could not do so before hitting the woman.

9. The Plaintiff was in a state of shock but radioed a medical emergency to the train dispatcher.

10. Defendant Iapicca knocked on the engineer's door.

11. The Plaintiff opened the window and the Defendant Iapicca asked, "Where is the engineer?" The Plaintiff replied, "I am the engineer."

12. Defendant Iapicca then asked the Plaintiff his name, social security number, and address. The Plaintiff replied, "I am Joey and I have a supervisor who should arrive shortly and he will give you all of the information you need shortly." Defendant Iapicca then asked for the Plaintiff's last name which he gave as "Joseph".

13. A large crowd had gathered and the plaintiff did not want other information requested to become a matter of public knowledge.

14. Defendant Iapicca threatened to arrest the Plaintiff unless he was given the information requested.

15. The Plaintiff replied that the train was going nowhere for a long time while the investigation of the accident continued and requested that Defendant Iapicca give him additional time to deal with the shock he was experiencing from having just hit a woman whom the Plaintiff believed at the time might be dead.

16. Defendant Iapicca requested that the Plaintiff leave the cab and come out to be arrested.

17. Plaintiff replied that he was responsible for the train equipment and could not leave.

18. Defendant Russell gave the order to arrest the Plaintiff and Defendants Iapicca and Lentini entered the cab and announced that the Plaintiff was under arrest.

19. Defendant Iapicca twisted the Plaintiff's right arm and angrily pushed it behind the Plaintiff. A burning sensation ran down the Plaintiff's right shoulder. The Plaintiff screamed in pain and complained that his wrists hurt. Defendant Iapicca refused to loosen the cuffs. Defendant Lentini held the Plaintiff's left hand.

20. Defendant Voegelin illegally put his hands in the Plaintiff's pocket and tried to take his wallet.

21. The Plaintiff was dragged from one end of the coach to the other by Defendants Iapicca and Lentini in front of many regular passengers who were upset and concerned about the manner in which the Plaintiff was treated.

22. Defendants Iapicca and Lentini finally took the Plaintiff off of the train and pushed him up against the police cruiser and frisked him. Defendant Lentini put the Plaintiff into the cruiser. Defendant Iapicca drove him to the police station for booking. Plaintiff's photograph was taken.

23. After MBTA officials arrived at the station, Plaintiff was released without charges being brought.

### COUNT I: VIOLATION OF 42 U.S.C. §1983 BY INDIVIDUAL DEFENDANTS VOEGELIN, IAPICCA, LENTINI, AND RUSSELL.

24. The Plaintiff restates and realleges the allegations in paragraphs 1 through 23 and incorporates said paragraphs herein as paragraph 24.

25. By the actions described in paragraphs 1 through 24, defendants Voegelin, Iapicca, Lentini, and Russell deprived the Plaintiff of the following rights in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments as guaranteed by the United States Constitution:

(a) Freedom from the unreasonable seizure of his person;

(b) Freedom from the use of excessive and unreasonable force;

(c) Freedom from the unreasonable search of his person.

### COUNT II: VIOLATION OF 42 U.S.C. §1983 BY DEFENDANT TOWN OF READING

26. The Plaintiff restates and realleges the allegations in paragraphs 1 through 25 and incorporates said paragraphs herein as paragraph 26.

27. By the actions described in paragraphs 1 through 26, the Defendant Town of Reading has violated the Plaintiff's constitutional rights.

28. The Defendant Town of Reading has a custom and policy of deliberate indifference to the rights of its citizens:

(a) By failing to adequately train its police officers on the proper use of force and right to arrest;

(b) By failing to adequately train and supervise officers who are prone to using excessive force and making illegal arrests;

(c) By tolerating a pattern of conduct whereby its police officers routinely use excessive force and make illegal arrests;

(d) By tolerating a code of silence amongst its police officers where fellow officers have violated the constitutional rights of citizens;

(e) By failing to have an effective internal affairs process so that officers know that if they violate the rights of citizens, they will be appropriately punished.

### COUNT III: VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12 §11I, BY ALL DEFENDANTS.

29. The Plaintiff restates and realleges the allegations in paragraphs 1 through 28 and incorporates said paragraphs herein as paragraph 29.

30. By the actions described in paragraphs 1 through 29, all of the Defendants violated the Plaintiff's civil rights provided for in M.G.L. c. 12, §11I, by threats, intimidation, and coercion.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant him relief as follows:

1. Award compensatory damages against the Defendants jointly and severally;

2. Award punitive damages against the individual Defendants;

3. Award to the Plaintiff reasonable attorneys fees, costs, and expenses; and,

4. Award any such other and further relief as this Court deems necessary and appropriate.

5

## JURY TRIAL DEMAND

A jury trial is hereby demanded.

                                       Respectfully submitted
                                       The Plaintiff Joey Joseph,
                                       By his attorney,

                                       */s/ Stephen B Hrones*
                                       Stephen B Hrones (BBO#242860)
                                       HRONES & GARRITY
                                       Lewis Wharf–Bay 232
                                       Boston, MA 02110-3927
                                       T)617/227-4019

Dated: June 21st, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ORIGINAL**

04 11421 JLT

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Joey Joseph v. Officer P. Iapicca, et al.

   FILED IN CLERK'S OFFICE
   2004 JUN 22 P 12:08
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   No

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   **NO**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES**   NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **EASTERN DIVISION**    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen Hrones, Hrones & Garrity
ADDRESS          Lewis Wharf-Bay 232, Boston, MA 02110
TELEPHONE NO.    617/227-4019

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 07/89)

**ORIGINAL**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Joey Joseph

**DEFENDANTS**
Officer P. Iapicca, Officer Lentini, Officer Russell, Officer Voegelin, and the Town of Reading

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen Hrones, Hrones & Garrity
Lewis Wharf-Bay 232, Boston, MA
02110; T)617/227-4019

ATTORNEYS (IF KNOWN)

04 11421 JLT

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC §1983, MGL c. 12, §11I

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  6/19/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT