UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEY JOSEPH,<br>  Plaintiff,<br><br>v.<br><br>Officer P. IAPICCA, Officer LENTINI,<br>Officer RUSSELL, Officer VOEGELIN,<br>and the TOWN OF READING,<br>  Defendants. | C.A. NO. 04-11421-JLT |

## JOINT PRE-TRIAL MEMORANDUM

The parties respectfully submit the following pre-trial memorandum, pursuant to this Court's procedural order.

1.   **Concise Statement Of The Evidence Plaintiffs Will Offer At Trial.**

Plaintiff will offer the following evidence at trial:

The plaintiff, an engineer for a Massachusetts Bay Commuter Rail (MBCR), will show that defendants illegally arrested him and used excessive force on him in violation of his Fourth and Fourteenth Amendment rights. The plaintiff also alleges that the Town of Reading is liable for failing to train, supervise, discipline, and/or remove its police officers prone to making illegal arrests and using excessive force on citizens.

More specifically, plaintiff will show that on February 10, 2004 he was working as the engineer of a commuter rail train coming from Haverhill and traveling to Boston. As the Plaintiff entered the Reading station, a woman attempted to cross in front of the moving train and was hit. The plaintiff was in a state of shock but radioed a medical emergency to the train dispatcher. Officers with the town of Reading approached and demanded identifying information. The plaintiff provided his name, and indicated that his supervisors would be there

shortly to provide the rest of the information. The officers persisted in their demands, and demanded that plaintiff exit the cab.

Plaintiff refused to exit the cab, because he believed it wasn't safe to do so. Plaintiff was handcuffed and arrested. Plaintiff was told he was being arrested for "failing to submit to a police officer". He was dragged through the train in front of the passengers. The arresting officers injured his shoulder in the process of handcuffing and dragging him. When he arrived at the station the officers debated what he should be charged with, and realized that the failure to submit charge did not apply to train operators. Finally, they decided he should be charged with disorderly conduct. After his supervisors from the MBCR arrived he was released.

Plaintiff right arm was twisted behind his back by the arresting officers. He experienced several months of intermittent shoulder pain. He was diagnosed with an injury to his right shoulder. He underwent physical therapy for several months.

Plaintiff also experienced emotional distress, nightmares, anxiety, humiliation, and a diminished trust for the police. He underwent mental health treatment for a month after the incident.

2.  **Concise Statement Of The Evidence Defendants Will Offer At Trial.**

The defendants will demonstrate that the Reading Police were notified that there was a potentially fatal accident involving a MBCR train. The police and paramedics responded to the scene. The situation was a chaotic and the paramedics went to work to save the life of the victim. An officer was dispatched to collect basic information from the train crew. An individual who we later learned was Joey Joseph was leaning out a window in the place where the train engineer customarily sits. Mr. Joseph stated he was the train engineer but refused to provide his name or to show any identification. Despite repeated requests by numerous Reading Police Officers, Mr. Joseph refused to state his name and to show identification. He was warned

that if he did not identify himself and show identification, he would be taken from the train. After numerous warnings, Mr. Joseph was taken from the train and transported to the Reading Police Station.

While at the Reading Police Station, Mr. Joseph continued to refuse to identify himself. Eventually, Mass Bay Commuter Rail personnel and MBCR personnel arrived at the police station. They apologized to the Reading Police for Mr. Joseph's behavior, identified him, and asked the Reading Police to release Mr. Joseph without charges being brought. The Reading Police did so.

3.  **Facts Established By The Pleadings Or By Stipulation Or Admissions Of Counsel.**

    a.  Plaintiff was an engineer employed by the Massachusetts Bay Commuter Rail.

    b.  Plaintiff was taken to police station then and then released without charges.

4.  **Contested Issues Of Fact.**

    Whether plaintiff failed give his name to the police, and/or whether plaintiff refused to provide his identification.

5.  **Jurisdictional Issues.**

    There are no jurisdictional issues.

6.  **Questions Raised By Pending Motions.**

    There are no pending motions.

7.  **Issues Of Law, Including Evidentiary Questions.**

    Whether there was probable cause to arrest and whether excessive force was used in the arrest.

8.  **Requested Amendment To The Pleadings.**

    There are no requested amendments to the pleadings.

9.  **Additional Matters To Aid The Disposition Of This Action.**

    None at this time.

10. **Probable Length Of Trial By Jury.**

    Five days.

11. **Plaintiff's Expected Trial Witnesses.**

    a.  All named Plaintiffs

    b.  All named Defendants

    c.  Ms. Dorothy MacAdams, 1 Hawthorne Terrace, North Reading, MA

    d.  Sergeant David Stamatis, Reading Police Department, 15 Union Street, Reading, MA 01867

    e.  Ms. Judy Evanko, Spaulding Rehabilitation Hospital, 125 Nashua Street, Boston, MA 02114

    f.  Ms. Renee Granito, Perkins, Smith & Cohen, One Beacon Street, Boston, MA 02108

    g.  Carolyn O'Brien, 24 Minot Street, Reading, MA 01867

    h.  Ms. Marie Joseph

    i.  Andrew Kumin, Psy.D.

    j.  Plaintiff reserves the right to call any witness listed on defendants witness list

12. **Defendants' Expected Trial Witnesses.**

    a.  Jerry Demodena, General Road Foreman, Massachusetts Bay Commuter Rail

    b.  MBTA Train Master John Santa Maria

    c.  MBTA Detective Bob Fitzsimmons

    d.  MBTA Detective James Clark

    e.  MBTA Chief Operating Officer Stephen Jones

4

    f.    Officer Pat Iapicca, Reading Police Department

    g.    Officer Bruce Russell, Reading Police Department

    h.    Officer Christopher Voegelin, Reading Police Department

    i.    Attorney Stephen M. O'Shea

    j.    Mr. Kenneth D. Hicks

    k.    Mr. Jack Yang

    l.    Mr. Patrick Keogan

    m.    Ms. Jean M. McHale

    n.    Mr. Randy Carter

    o.    Officer Larry Frederick

    p.    Chief Robert J. Silva

    q.    Defendants reserve the right to call any witness listed on plaintiff's witness list.

**13. Proposed Exhibits Of The Plaintiff.**

    1.    Sympathy card to Joey Joseph from Train passengers

    2.    Medical records of Andrew Kumin, Psy.D.

    3.    Medical records from New England Medical Center, Department of Orthopaedics

    4.    Medical Records from Dr. Daniel Chin

    5.    Plaintiff may also rely upon defendants proposed exhibits

**14. Proposed Exhibits Of The Defendants.**

    A.    Video tape of booking

    B.    Audio tape of 911 calls and dispatch calls

    C.    Drivers license

    D.    Train license

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| The Plaintiff, | The Defendants, |
| Joey Joseph, | Officer P. Iapicca, Officer Lentini, |
| By his attorney, | Officer Russell, Officer Voegelin, and |
| | The Town of Reading, |
| | By their attorneys, |
| | |
| /s/ Jessica Hedges | /s/ Leonard H. Kesten |
| Jessica D. Hedges (BBO # 645847) | Leonard H. Kesten, BBO# 542042 |
| Stephen Hrones, BBO# 242860 | BRODY, HARDOON, |
| HRONES, GARRITY & HEDGES, LL |     PERKINS & KESTEN, LLP |
| Lewis Wharf – Bay 232 | One Exeter Plaza, 12th Floor |
| Boston, MA 02110-3927 | Boston, MA 02116 |
| (617) 227-4019 | (617) 880-7100 |

6