UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOEY JOSEPH<br>    Plaintiff,<br><br>v.<br><br>Officer P. IAPICCA, Officer LENTINI,<br>Officer RUSSELL, Officer VOEGELIN,<br>and the TOWN OF READING,<br>    Defendants. | C.A. NO. 04-11421-JLT |

**PLAINTIFF'S REQUEST FOR INSTRUCTIONS TO THE JURY**

The plaintiff submits the following as his proposed jury instructions:

1.  **42 U.S.C. § 1983** – Civil Rights Act. The plaintiff has filed this action, in part, under a provision of the United States Code, Title 42, section 1983, which gives a person the right to bring a lawsuit, and seek redress by way of money damages, for a violation of a constitutional right by a police officer acting in an official capacity. In order to prevail on this claim, the plaintiff must prove two things:

    1.  that the defendants acted under color of state law; and
    2.  that the defendants deprived the plaintiffs of one or more constitutional rights.[1]

2.  **Fourth Amendment** – The plaintiff claims that the defendants violated his rights under the Fourth Amendment to the United States Constitution. The Fourth Amendment reads:

    > The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.

3.  **Color of Law** – "Acting under color of law" simply means acting in one's capacity as a police officer. There is no dispute that the defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

---

[1] 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).

4. **No Specific Intent Required** – It is not necessary in a case like this to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights, or that they acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if a defendant acted in a manner which resulted in a violation of his constitutional rights. Whether any of the officers acted with subjective good faith is irrelevant.[2]

   You should also take into account all of the facts and circumstances which were known, or which should have been known, by the defendants when you are assessing their liability to the plaintiff. The question you must answer is whether in the face of such facts and circumstances a given defendant treated a plaintiff unreasonably and violated his constitutional rights, which shall be defined for you.[3]

5. **Probable cause**. Probable cause for an arrest exists when the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been (or is about to be) committed and that the putative arrestee likely is one of the perpetrators.[4] Whether probable cause exists depend on the totality of the circumstances.[5]

6. **Excessive Force.** Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. The proper application of the reasonableness test requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.[6]

7. **Massachusetts Civil Rights Act.** If you find that the defendants violated any of the plaintiff's constitutional rights, and they did so with threats, intimidation, or coercion, then you must find the defendants liable for a violation of the Massachusetts Civil Rights Act.

---

[2] *Monroe v. Pape*, 365 U.S. 167 (1967); *Hudson v. New York City*, 271 F.3d 62 (2d Cir. 2001) (reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required.)
[3] *Roberts v. Hollocher,* 664 F.2d 200 (8th Cir. 1981).
[4] *Beck v. Ohio*, 379 U.S. 89, 91 (1964).
[5] *Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 10 (1st Cir. 2004).
[6] *Graham v. Connor*, 490 U.S. 386, 396 (1989)

8.  **Disorderly Conduct-Generally.** After the arrest defendants claims he was being arrested for disorderly conduct. Disorderly conduct is defined under Massachusetts law. A person is disorderly:

    > . . . if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: engages in fighting or threatening, or in violent or tumultuous behavior; or creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.[7]

9.  **Disorderly Conduct-Specifically**. This definition of disorderly conduct encompasses only activities not implicating the lawful exercise of a First Amendment right.[8] The statute covers conduct, not expressive activity. A verbal challenge, even when coupled with a refusal to obey a police officer's orders, does not constitute disorderly conduct within the meaning of the statute.[9]

10. **Disorderly Conduct-Recklessness.** In order to be disorderly, a person's conduct must at least be reckless. A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.[10] Thus, in order for the defendants to show that they had probable cause to believe the plaintiff's conduct was disorderly, they must, at the very least, show that he was aware of the likely consequences of his behavior and that he nonetheless consciously chose to ignore those consequences.[11]

11. **Disorderly Conduct-Legitimate Purpose.** It is a defense to a charge that a person purposely or recklessly created a hazardous or physically offensive condition if that person acted with a legitimate purpose in mind. The "legitimate purpose" defense is wide-reaching, and is not confined to mere political or First Amendment expression.[12] The defense is defined broadly to exclude any conduct that directly furthers some legitimate desire or objective of the actor.[13] An example of a legitimate purpose might be a mother refusing to move a double parked car because she is waiting to pick up her son from school. In such a case, the mother would have a complete defense to a charge that the double parking created a hazardous or physically offensive condition.[14]

---

[7] *Commonwealth v. A Juvenile*, 368 Mass. 580, 586 (1975)
[8] *Iacobucci v. Boulter*, 193 F.3d 14, 24 (1st Cir. 1999).
[9] *Id*.
[10] *Commonwealth v. Feigenbaum*, 404 Mass. 471, 475 (1989), *citing* Model Penal Code §2.02 (2)(c)
[11] *See Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994) ("The civil law generally calls a person reckless who acts or…fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known…The criminal law, however, generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware.")
[12] *Commonwealth v. Zettel*, 46 Mass. App. Ct. 471, 476 (1999).
[13] *See* Model Penal Code §250.4
[14] *Zettel*, 46 Mass. App. Ct. at 476

**12.** **Credibility of Witnesses.** There was quite a bit of testimony from different police officers in this case. The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.[15]

**13.** **Bias of Officials as Witnesses**. Several of the witnesses are still employed by the Town of Reading and hence are interested witnesses in the outcome of this case. Their relationship with and employment by the Town of Reading are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony.

**14.** **Municipal Liability -- Generally.** The Town of Reading is a defendant in this case and is liable for violations of the constitutional rights of the plaintiff, if they were caused by policies or customs of the Town, which demonstrated a deliberate indifference to the rights of people in the plaintiff's position. The Town is not liable for each act committed by their employees, but is liable for those acts which are taken pursuant to, or caused by, their policies or customs.

It is not required that a policy be officially adopted by the Town's lawmakers for the Town to be held liable. A policy can be set by those to whom the responsibility for developing the Town's policy in the area in question has been delegated. Moreover, if there is persistent and widespread practice which has gained the force of custom, which practice was known to, or should have been known to, the appropriate policymakers of the Town, and which was tolerated by those policymakers, the Town will be liable for acts taken pursuant to that custom.

If you find that any of the individual defendants violated the plaintiff's rights under the Fourth Amendment, and that the violation was caused by, or committed pursuant to, a policy or custom of the Town of Reading and that the Town has demonstrated deliberate indifference to the rights of the people in the plaintiff's position, you should find the Town liable for those violations.[16]

---

[15] *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981); *Bush v. United States*, 375 F.2d 602, 605 (D.C. Cir. 1967).

[16] *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Bordano v. McLeod*, 871 F.2d 1151 (1st Cir. 1989) (policy of breaking down doors without warrant to apprehend felons); *Weber v. Dell*, 804 F.2d 796 (2d Cir. 1986) (strip search policy); *Mary Beth G. v. City of Chicago*, 723 F.2d 1263 (7th Cir. 1984) (same). Proof of "deliberate indifference" may not be required, where plaintiff claims that an affirmative unconstitutional policy of the city has caused the constitutional violation. *See Young v. City of Little Rock*, 249 F.3d 730, 736 (8th Cir. 2001) (where City

15. **Municipal Liability – Unwritten Policy or Custom.** Liability against a municipality may be based upon the existence of a custom "found in 'persistent and widespread . . . practices of [municipal] officials [which] [a]lthough not authorized by written law, [are] so permanent and well settled as to [have] the force of law.'"[17]

    You may find that such a custom existed if there was a practice so well-settled and widespread that the policymaking officials of the Town either knew of it, or should have known of it. You may find that the policymaking officials of the Town should have known of the officers' practices when the practices were so "widespread or flagrant that in the proper exercise of [their] official responsibilities the [municipal policymakers] should have known of them."[18]

16. **Municipal Liability – Failure to Train.** A Town can be held liable for its failure to train its officers if such a failure amounts to a deliberate indifference to constitutional rights. The Town is liable if the plaintiff's injuries could have been avoided had the employee been trained under a program that was not deficient in the identified respect.[19]

17. **Municipal Liability—Failure to have a policy.** A Town can also be held liable if it fails to implement any policy at all, and that failure causes a constitutional violation.[20] The Town is liable under this theory where it chooses not to implement any policy in a specific area, and that failure shows a deliberate indifference to constitutional rights.[21]

18. **Municipal Liability—Single incident of misconduct**. The Town can be liable for a single incident of misconduct if it is so obvious that a custom or policy will result in a constitutional violation that the failure to change this custom or policy shows a deliberate indifference to constitutional rights.[22] Moreover, you may consider the fact that multiple officers are alleged by the plaintiff to have violated his constitutional rights in weighing whether a custom and policy of violating constitutional rights existed within the Police Department.[23]

19. **Municipal Liability—Failure to Investigate.** A municipality can be liable if its police department has a custom or policy of failing to investigate constitutional

---

housed its prisoners in County jail, and where strip searching was routine procedure at jail, it was not County unfair to attribute to the City the policies routinely used by the County jail).

[17] *Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987), quoting *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978), citing and quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).
[18] *Bordanaro v. McLeod*, 871 F.2d 1151, 1157 (1st Cir. 1989), quoting *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987).
[19] *City of Canton v. Harris*, 489 U.S. 378, 385-87 (1989)
[20] *Manarite v. City of Springfield*, 957 F.2d 953, 959 (1st Cir. 1992)
[21] *Pembaur v. Cincinnati*, 475 U.S. 469, 483-84 (1986)
[22] *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)
[23] *Kibbe v. Springfield*, 777 F.2d 801, 805 (1st Cir. 1985)

5

violations committed by its officers. To recover under this theory, the plaintiff must show that unconstitutional conduct of the Town's employees was widespread and persistent, that the Town, by not investigating, showed deliberate indifference to the conduct or tacitly authorized it, and this failure to investigate resulted in constitutional injury. [24]

20. **Compensatory Damages**—The fact that the plaintiff's rights are found to have been violated, as a matter of law entitles him to actual damages. Therefore, if you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages that will reasonably and fairly compensate him for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

    Among the elements of injury and harm which you should consider are:

    1. Any lost wages resulting from the incident, past and future
    2. Any physical harm to the plaintiff during and after the incident, including ill health, physical pain, disability, or discomfort.
    3. Any emotional and mental harm to the plaintiff during and after the incident, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that plaintiff will, with reasonable certainty, suffer in the future. This measure of damages is commonly known as emotional distress damages.

21. **Emotional Distress Damages—Specifically.** In determining the plaintiff's damages for emotional distress, you are to fairly compensate him for past, present and future pain and suffering associated with his emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety. You may include in your award any amount that you feel will fairly compensate the plaintiff for deterioration of his health, for medical psychiatric and counseling expenses, and for impairment of his earning capacity resulting from the emotional distress.

22. **Punitive Damages**—You must also decide whether the plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the defendants for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiffs' constitutional rights. If you find that they have done one of those things, then you should award punitive damages. Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were

---

[24] *Bell v. Fowler*, 99 F.3d 262, 269 (8th Cir. 1996)

deliberate, willful, or made with reckless disregard of plaintiffs rights, punitive damages are appropriate.[25]

23. **Interest**—If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. This lawsuit was some time ago, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiffs fully for any injury suffered, bearing in mind that the plaintiffs have not had the use of the damages you award during the time this litigation has been pending. If you do award interest, the actual sum will be computed by the clerk at the rate provided by the law.[26]

                                      Respectfully Submitted,
                                      JOEY JOSEPH.
                                      By his attorneys,

                                      //s// Jessica D. Hedges
                                      Jessica D. Hedges, BBO # 645847
                                      Stephen Hrones, BBO # 242860
                                      HRONES, GARRITY& HEDGES, LLP
                                      Lewis Wharf – Bay 232
                                      Boston, MA  02110-3927
                                      (617) 227-4019

**CERTIFICATE OF SERVICE**

I, Jessica D. Hedges, hereby certify that, on this the 2[d] day of March, 2006, I have caused to be served a copy of this document, where unable to do so electronically, on all counsel of record in this matter.

                                      //s// Jessica D. Hedges
                                      Jessica D. Hedges

---

[25] *Smith v. Wade*, 461 U.S. 30 (1983); *Adickes v. S.H. Kress & Co.*, 389 U.S. 144, 234 (1970) (Brennan, J., concurring); *Cochetti v. Desmond*, 572 F.2d 102, 105-06 (3d Cir. 1978); *Guzman v. Western State Bank*, 540 F.2d 948, 953 (8th Cir. 1976); *Stolberg v. Board of Trustees*, 474 F.2d 485 (2d Cir. 1973); *Batista v. Weir*, 340 F.2d 74 (3d Cir. 1965).

[26] *Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1980).